UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONTICE MCFEE,

       Petitioner,

v.

       Case No. 2:19-CV-13765

       HONORABLE MARK A. GOLDSMITH
       UNITED STATES DISTRICT JUDGE

STATE OF MICHIGAN,

       Respondent.

_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

Montice McFee, ("Petitioner"), presently incarcerated in the Wayne County Jail in Detroit, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3).[1] In his pro se application, petitioner challenges the State of Michigan for bringing him to trial in the Wayne County Circuit Court on pending criminal charges. For the reasons stated below, the petition for a writ of habeas corpus is dismissed without prejudice.

**I. BACKGROUND**

Petitioner has criminal charges pending against him in the Wayne County Circuit Court. Trial counsel has entered a plea of Guilty and Petitioner is awaiting sentencing on his pending

---

[1] Because petitioner's application for a writ of habeas corpus was filed before he was convicted of any crimes, the more appropriate vehicle for petitioner to seek habeas relief is under the traditional habeas statute, 28 U.S.C. § 2241(c)(3), and not under 28 U.S.C. § 2254. See Klein v. Leis, 548 F.3d 425, 430, n.4 (6th Cir. 2008).

1

charges.[2] Petitioner, who filed this case before entering a guilty plea seeks a writ of habeas corpus requesting that this Court "throw the case out or just some county time."

## II.  DISCUSSION

The instant petition must be dismissed, because the habeas petition is not ripe for review. In the absence of "special circumstances," federal habeas corpus relief is not available to review the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489 (1973).  A state criminal case is therefore ordinarily ripe for federal habeas review only after the defendant has been tried, convicted, sentenced, and has pursued his direct appeals. Allen v. Attorney General of the State of Maine, 80 F.3d 569, 572 (1st Cir. 1996); see also Hoard v. State of Michigan, No. 2005 WL 2291000, *1 (E.D. Mich. Sept. 19, 2005).  Although federal courts have jurisdiction to hear pre-trial habeas corpus petitions, a federal court should generally abstain from exercising this jurisdiction to consider a pre-trial habeas petition if the issues raised in the petition are capable of being resolved either by trial in the state courts or by other state procedures available to the petitioner.  See Atkins v. People of the State of Michigan, 644 F.2d 543, 546 (6th Cir. 1981). Where a habeas petitioner's claims, if successful, would be dispositive of pending state criminal charges, the claims may be exhausted only by presenting the issues at the trial in state court, including claims that provide an affirmative defense to the criminal charges and claims that would "abort a state [criminal] proceeding, dismiss an indictment, or prevent a prosecution." Moore v.

---

[2] The Court obtained some of this information from the Wayne County Circuit Court's website. The Wayne County Circuit Court's website, https://cmspublic.3rdcc.org/CaseDetail.aspx?CaseID=3794904, states that petitioner was charged on November 12, 2019, in the 36th District Court with receiving stolen property, false pretenses, and forging a license.  In his petition, petitioner is challenging a charge of receiving and concealing stolen property and being a fourth offender.

United States, 875 F. Supp. 620, 622 (D. Neb. 1994). The practical effect of this exhaustion requirement is that review of dispositive claims in habeas is not available prior to a state trial. Id.

There are several exceptions to the rule that prejudgment habeas relief is unavailable to a state prisoner. One exception to this general rule is a claim that an impending state trial would violate the Double Jeopardy clause of the federal constitution. See Klein v. Leis, 548 F.3d 425, 430, n.2 (6th Cir. 2008); Moore, 875 F. Supp. at 622, n.2. Petitioner does not allege that the pending state court charges violate his rights under the Double Jeopardy Clause.

Another exception to this rule would involve a pre-trial habeas petition in which a state prisoner asserted his speedy trial rights for the sole purpose of seeking a writ of habeas corpus that would order the state to bring the prisoner to trial in a timely manner. See Atkins v. People of the State of Michigan, 644 F.2d at 547. Although an attempt to dismiss an indictment or otherwise prevent a prosecution is normally not attainable by way of pre-trial habeas corpus, an attempt to force the state to go to trial may be made prior to trial, even though state court remedies would still have to be exhausted. Id. However, Petitioner is not arguing that the Wayne County Prosecutor violated his Sixth Amendment right to a speedy trial by refusing to bring him to trial on his pending criminal charges. Petitioner argues that the charges currently pending before the Wayne County Circuit Court should be "thrown out." This Court is unable to provide petitioner with the relief he seeks.

To the extent that petitioner seeks dismissal of his pending criminal charges, he would not be entitled to habeas relief. Although speedy trial considerations can be a basis for federal pre-trial habeas relief, where the petitioner is seeking to force the state to bring him to trial, they are not a basis for dismissing a pending state criminal charge outright. Atkins, 644 F.2d at 547; Hirsch v. Smitley, 66 F. Supp. 2d 985, 987 (E.D. Wis. 1999). Petitioner is seeking to dismiss his pending

3

state criminal case outright; therefore, he would not be entitled to habeas relief because the Court does not have the power to grant such relief. Hirsch, 66 F. Supp. 2d at 987. When a habeas petitioner brings a prejudgment habeas petition seeking dismissal of the charges against him, his habeas action must await the conclusion of the state proceedings. See In Re Justices of Superior Court Dept. of Massachusetts Trial Court, 218 F.3d 11, 17, n.5 (1st Cir. 2000) (internal citations omitted).

To the extent that petitioner challenges the district court's bindover for trial to the Wayne County Circuit Court, petitioner does not allege that he has exhausted his state court remedies with respect to the pending criminal charges. A habeas petitioner has the burden of proving that he has exhausted his state court remedies. See Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994). Any pre-trial habeas petition is premature because petitioner has failed to allege that he has exhausted his state court remedies with respect to the pending criminal charges. The habeas corpus statute for pre-trial situations requires the exhaustion of state court remedies. See Dickerson v. State of La., 816 F.2d 220, 225 (5th Cir. 1987); see also Dillon v. Hutchinson, 82 F. App'x 459, 461-462 (6th Cir. 2003) (pre-trial habeas petitioner not entitled to habeas relief when he failed to exhaust his Interstate Agreement on Detainers (IAD) claim with the state courts); Schofs v. Warden, FCI Lexington, 509 F. Supp. 78, 82 (E.D. Ky. 1981) (where a habeas petitioner has not properly exhausted his state judicial remedies with respect to his motion to dismiss state charges underlying a detainer against him, the district court would refrain from considering the merits of petitioner's claims concerning those charges). Petitioner would not be entitled to a writ of habeas corpus with respect to any pending criminal charges, because he has not exhausted his state court remedies with respect to any such pre-trial habeas petition. Dickerson, 816 F.2d at 228-229. Because there

is no indication that petitioner raised his challenge to the bindover with the Michigan appellate courts, his claim is unexhausted. Compare Atkins, 644 F.2d at 548.

Accordingly, the Court denies the habeas petition without requiring respondent to answer, because it appears from the application that petitioner is not entitled to habeas relief. See Blanck v. Waukesha County, 48 F. Supp. 2d 859, 862 (E.D. Wis. 1999) (citing to 28 U.S.C. § 2243).

### III. CONCLUSION

The Court will dismiss the petition for a writ of habeas corpus without prejudice. The Court will also deny a certificate of appealability to petitioner and permission to appeal in forma pauperis.

Appeals in habeas corpus proceedings are governed by 28 U.S.C. § 2253. Whether Petitioner's habeas corpus petition was brought under § 2254 or brought under § 2241, he must obtain a certificate of appealability before appealing this Court's denial of his habeas petition. See § 2253(c)(1)(A); Greene v. Tennessee Dep't of Corrections, 265 F.3d 369, 372 (6th Cir. 2001) (holding that a state prisoner who seeks habeas corpus relief under § 2241 must obtain a certificate of appealability to bring an appeal); Stringer v. Williams, 161 F.3d 259, 262 (5th Cir. 1998) (holding that a pre-trial detainee who challenged pending state prosecution pursuant to § 2241 was required to obtain a certificate of appealability).

Section 2253(c)(2) states, in pertinent part: "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." See also Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1073 (6th 1997). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he failed to make a substantial showing of the denial of a federal constitutional right. Jurists of reason would not find this Court's resolution of petitioner's claims to be debatable or that they should receive encouragement to proceed further. See Myers v. Straub, 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001). In particular, jurists of reason would not find debatable this Court's determination that petitioner had failed to exhaust his state court remedies before filing his pre-trial habeas petition. See Fuller v. Kansas, 324 F. App'x 713, 717 (10th Cir. 2009).

The standard for granting an application for leave to proceed in forma pauperis is a lower standard than the standard for certificates of appealability. See Foster v. Ludwick, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002) (citing United States v. Youngblood, 116 F.3d 1113, 1115 (5th Cir. 1997)). Whereas a certificate of appealability may only be granted if a petitioner makes a substantial showing of the denial of a constitutional right, a court may grant in forma pauperis status if it finds that an appeal is being taken in good faith. Id. at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R. App. 24 (a)(2). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. Foster, 208 F. Supp. 2d at 765. Petitioner's claims fall well outside of the narrow exceptions to the general bar on pre-judgment habeas review, and he has made no effort to exhaust state remedies. His claim is frivolous, and an appeal cannot be taken in good faith. Therefore, he is denied leave to proceed in forma pauperis.

SO ORDERED

Dated: August 6, 2020　　　　　　　　　　　s/Mark A. Goldsmith
　　　Detroit, Michigan　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 6, 2020.

                                              s/Karri Sandusky
                                              Case Manager